IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

VS.                            CASE NO. 2:12-CR-20005-PKH-MEF

AMADEO CARDENAS                                       DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion to Vacate or Set Aside or in the Alternative to Correct Sentence Imposed pursuant to 28 U.S.C. § 2241 filed December 30, 2014. (Doc. 20) The United States filed its Response on April 27, 2015. (Doc. 23)  Petitioner did not file any reply. The matter is ready for Report and Recommendation.

### I.  Background

On January 25, 2012, Defendant/Petitioner, Amadeo Cardenas ("Cardenas"), was named in an Indictment charging him with being an illegal alien in possession of a firearm, inviolation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). (Doc. 1) Cardenas appeared for arraignment with his appointed counsel on February 8, 2012, and he entered a not guilty plea to the charge set forth in the Indictment. (Doc. 4)

On March 27, 2012, Cardenas appeared with counsel before Hon. P. K. Holmes, III, for a change of plea hearing. (Doc. 12) A written Plea Agreement was presented to the Court, and Cardenas plead guilty to the Indictment charging him with being an illegal alien in possession of a firearm. (Doc. 12, 13) The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR"). (Doc. 12)

Cardenas appeared for sentencing on July 9, 2012. (Doc. 16) The Court sentenced Cardenas

-1-

to 30 months imprisonment, to run concurrently with any state sentence pending out of Scott County, Arkansas, no supervised release, no fine, and imposition of a $100.00 special assessment. (Docs. 16, 17) Judgment was entered by the Court on July 11, 2012. (Doc. 17) Cardenas did not pursue a direct appeal.

Thereafter, on August 22, 2012, Cardenas was named in an Indictment charging him with conspiracy to distribute methamphetamine and four counts of distribution of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), in Case No. 2:12-CR-20043. (Doc. 14) Cardenas appeared for arraignment with his appointed counsel on September 13, 2012, and he entered a not guilty plea to each count of the Indictment. (Doc. 125)

On January 28, 2013, Cardenas appeared with counsel before Hon. P. K. Holmes, III, for a change of plea hearing in Case No. 2:12-CR-20043. (Doc. 175) A written Plea Agreement was presented to the Court, and Cardenas plead guilty to count 38 of the Indictment charging him with distribution of methamphetamine. (Doc. 175, 176) The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR"). (Doc. 175)

Cardenas appeared for sentencing in Case No. 2:12-CR-20043 on June 25, 2013. (Doc. 378) The Court sentenced Cardenas to 46 months imprisonment, to run concurrently with the undischarged term of imprisonment in Case No. 2:12-CR-20005, three years supervised release, no fine, and imposition of a $100.00 special assessment. (Docs. 378, 385) Judgment was entered by the Court on June 27, 2013. (Doc. 385) Cardenas did not pursue a direct appeal in that case.

Subsequently, on December 8, 2014, Cardenas filed a Motion to Reduce Sentence based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines. (Doc. 433) On December 19, 2014, the Court entered an Order granting the Motion for Sentence

Reduction, and Cardenas' sentence was reduced from 46 months imprisonment to 37 months imprisonment. (Doc. 443) A revised Order was entered on January 9, 2015, setting forth that the effective date of the sentence reduction is November 1, 2015. (Doc. 449)

On December 30, 2014, Cardenas filed his *pro se* Motion to Vacate or Set Aside or in the Alternative to Correct Sentence Imposed pursuant to 28 U.S.C. § 2241 (the "Motion") in this case. (Doc. 20) The Motion raises two grounds: (1) that the Bureau of Prisons has not given him proper jail credit for the time he was in federal custody during the pretrial proceedings in Case No. 2:12-CR-20043; and, (2) that he should receive the two level sentence reduction "under the new and approval law." Cardenas filed a Supplement to his Motion on April 13, 2015. (Doc. 21)

The United States' Response to the Motion was filed on April 27, 2015. (Doc. 23) Cardenas did not file any reply.

## II.  Discussion

Cardenas' Motion, brought pursuant to 28 U.S.C. § 2241, challenges the administration and execution of his sentence by the Bureau of Prisons ("BOP"). For the reasons discussed below, the undersigned finds that this Court lacks jurisdiction to consider Cardenas' Motion concerning the computation and execution of his sentence, and that his request for a two level sentence reduction is moot.

### A.  Lack of Subject Matter Jurisdiction

Cardenas is presently designated to the Correctional Institution D. Ray James in Folkston, Georgia. His Motion asserts that the BOP has not given him proper jail credit for the time (more than one year) he was in federal custody during the pretrial proceedings in his second case (2:12-CR-20043).

After a district court sentences a federal offender, the United States Attorney General, through the BOP, has the responsibility of administering the sentence imposed. *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992). The Attorney General computes the amount of jail credit after a defendant begins serving his sentence. *Id.* Prisoners are entitled to administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10-542.16. After properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Id.*; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which Cardenas may resolve any dispute about the computation of his sentence.

Cardenas does not challenge the validity or legality of his convictions and sentences. He challenges whether the BOP has given him proper jail credit. An attack on the execution of a sentence through § 2241 must be filed in the district where the inmate is incarcerated. *See Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995). As the Eighth Circuit held in *Bell*, the District Court for the Eastern District of Missouri lacked subject matter jurisdiction to hear Bell's § 2241 petition because Bell was not incarcerated in the Eastern District of Missouri, and that Bell must do so in a court with jurisdiction over his present custodian. *Id.* Cardenas is not incarcerated in the Western District of Arkansas, and this Court, therefore, lacks subject matter jurisdiction to hear his Motion filed under § 2241.

Further, the United States correctly points out that a petitioner seeking habeas corpus relief under § 2241 must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th*

*Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973)(internal citation omitted). "[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian." *Id.* at 495.

Cardenas is incarcerated at the Correctional Institution D. Ray James in Folkston, Georgia. His BOP custodian is located in Folkston, Georgia. Accordingly, this Court lacks subject matter jurisdiction to hear Cardenas' Motion filed under § 2241.

### B. Failure to Exhaust Administrative Remedies

As mentioned above, the responsibility for calculating the appropriate jail credit an inmate is entitled to receive belongs to the United States Attorney General, who has delegated that authority to the BOP. *Wilson*, 503 U.S. at 333. Only after exhausting all available administrative remedies may an inmate seek judicial review through a § 2241 habeas corpus petition. *Wilson*, 503 U.S. at 335; *Pardue*, 363 F.3d at 699; *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

Administrative procedures exist within the BOP to review the calculation of jail credit to be given to an inmate. The Administrative Remedy Program is set forth in 28 C.F.R. §§ 542.10 through 542.16. An inmate is first required to submit a written Administrative Remedy Request to the institution staff member designated to receive such requests, including the Warden. 28 C.F.R. § 542.14. An inmate who is not satisfied with the Warden's response may then submit an appeal to the Regional Director. 28 C.F.R. § 542.15. If dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals, in the Office of General Counsel in Washington, D.C. Appeal to the General Counsel is the final administrative appeal. *Id.*

The extraordinary nature of the writ of habeas corpus requires that one first exhaust all administrative remedies; judicial review pursuant to the writ should not be resorted to until other

more conventional remedies have failed. *Mason v. Ciccone*, 531 F.2d 867, 869 (8th Cir. 1976). The practice promotes and permits: (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and, (4) judicial efficiency from the settlement of disputes at the prison level. *Id.*, 531 F.2d at 870, citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969). As the Eighth Circuit observed, "[t]he benefits from prior administrative review are substantial," and "[t]he procedure must be given an opportunity to succeed." *Id.*

Cardenas has attached to his Motion a letter dated July 22, 2014 from R. Armendariz, Operations Manager, U. S. Department of Justice, Federal Bureau of Prisons, Designation and Sentence Computation Center, in which Cardenas is advised that "your prior credit time and total earned good conduct time is correct." (Doc. 20, pp. 5-6) Cardenas has not alleged, nor presented any documented evidence, that he has sought to resolve the jail credit dispute through the administrative remedy process. Having failed to exhaust his available administrative remedies, this Court lacks subject matter jurisdiction to hear his § 2241 Motion. Once Cardenas has exhausted his administrative remedies through the BOP, and if he is still incarcerated at the Correctional Institution D. Ray James in Folkston, Georgia at that time, he may seek judicial review of his claim in a petition filed under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia, Waycross Division.

### C.  Refusal to Transfer Jurisdiction

28 U.S.C. § 1631 would require this Court to transfer the current action to the District Court for the Southern District of Georgia "if it is in the interest of justice" to do so. Given that Cardenas

has not exhausted his administrative remedies, the undersigned does not consider a transfer of the action to be in the best interest of justice. Should Cardenas resolve the jail credit dispute through the administrative remedy process, then no judicial action would be required at all. Further, in the event Cardenas is designated to some other correctional institution during the time his administrative review process is being pursued, the appropriate venue for any judicial review may also change.

### D.  Request for Two-Level Sentence Reduction is Inapplicable and Moot

Cardenas' request for a two-level sentence reduction pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines is inapplicable, moot, and subject to dismissal. The requested reduction has no application to the present case for which Cardenas was convicted of being an illegal alien in possession of a firearm. Amendments 782 and 788 to the United States Sentencing Guidelines would apply to Cardenas' drug conviction in his other case, Case No. 2:12-CR-20043, but the two-level reduction was already granted by the Court on December 19, 2014, reducing Cardenas' sentence from 46 months imprisonment down to 37 months imprisonment. (Doc. 443) A revised Order was entered on January 9, 2015, setting forth that the effective date of the sentence reduction is November 1, 2015. (Doc. 449)

### III.  Conclusion

For the reasons and upon the authorities discussed above, this Court does not have subject matter jurisdiction of the habeas corpus claim brought under 28 U.S.C. § 2241. I recommend that Cardenas' Motion, filed under 28 U.S.C. § 2241, be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

      DATED this 12th day of May, 2015.

                                /s/ Mark E. Ford
                                HONORABLE MARK E. FORD
                                UNITED STATES MAGISTRATE JUDGE